UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Lee Talley,    #97426-071, ) | C/A No.6:06-1493-GRA-WMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **Report and Recommendation** |
| Ruth Yancey, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding *pro se*, files a habeas petition pursuant to 28 U.S.C. § 2241. This petition should be dismissed because Petitioner's claims should be brought under 28 U.S.C. § 2255, not § 2241.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25(1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* complaints and petitions liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*,439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a

federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, the § 2241 petition filed in this case is subject to summary dismissal.

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina. On April 30, 2001, Petitioner pled guilty to one count of armed bank robbery and one count of using and carrying a firearm in relation to a crime pursuant to 18 U.S.C. § 924(c). He was sentenced to 131 months on July 11, 2001. Petitioner did not file a direct appeal. On October 23, 2001, he filed a § 2255 motion alleging ineffective assistance of counsel for failing to object when his sentence was enhanced for gun possession. The District Court found Petitioner was not improperly sentenced and dismissed Petitioner's § 2255 motion.[1]

In this § 2241 action, Petitioner alleges he is actually innocent of the gun charge because he never possessed a gun during the robbery. He contends his co-conspirator carried the gun into the bank and robbed the bank while he merely drove the get away car. Petitioner contends he could not be found guilty of using or carrying a firearm in connection with a crime of violence under § 924(c) because he merely "aided and abetted" his co-conspirator in the commission of the bank robbery by driving car.[2]

---

[1] On November 14, 2001, Petitioner filed a second § 2255 motion which was identical to the first motion. Based upon a letter from Petitioner, stating he was "re-submitting" his earlier motion, the District Court found it was not an attempt to file a second § 2255 motion and dismissed it.

[2] The court notes a conspirator can be held accountable for a co-conspirator's possession of a firearm. *See* 18 U.S.C. § 2; United States v. Shorter, 328 F.3d 167, 172 (4th Cir. 2003)("A defendant may have constructive possession of contraband even if it is not in [her] immediate possession or control"). Even though Petitioner did not physically possess or fire the gun during the robbery, he admits that he knew his co-conspirator brandished a firearm.

Petitioner cites Bailey v. United States, 516 U.S. 137, 143 (1995), in which the Supreme Court held the government must prove "active employment" of a firearm in order to convict an individual under the "use" prong of 18 U.S.C. § 924(c)(1). Bailey dealt with a prior version of § 924(c)(1) that did not mention possession, and instead prohibited only using or carrying a firearm "during and in relation to" a crime of violence or drug trafficking. Id. at 138. After Bailey, in 1998, Congress amended § 924(c)(1) to criminalize the "possession" of a firearm "in furtherance of" certain crimes.

A § 2241 petition is not the proper means to raise Petitioner's Bailey claim. A federal prisoner seeking to challenge the legality of his conviction or sentence must proceed pursuant to § 2255. Section 2241 petitions generally are reserved for challenges to the execution of the prisoner's sentence. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997). In limited circumstances, when § 2255 is "inadequate or ineffective" to test the legality of the detention, the prisoner may file a petition for a writ of habeas corpus pursuant to § 2241. In re Jones, 226 F.3d 328, 333 (4th Cir.2000). Petitioner does not meet the Jones test because the mere fact he failed to obtain relief or is procedurally barred from pursuing relief under § 2255 does not render that section inadequate or ineffective. See Jones, 226 F.3d at 333.

Petitioner pled guilty in 2001 - six years after Bailey was decided by the Supreme Court. Therefore, Bailey was decided in time for him to raise any claims arising from the decision during his criminal proceedings and/or in his first § 2255 motion. Petitioner had an unobstructed procedural opportunity to raise his actual innocence claim in his first § 2255 motion. The fact that his § 2255 motion was denied and that Petitioner may now be barred from filing a second § 2255 motion by the one-year statute of limitations or that

3

Petitioner may not be able to meet the stringent gatekeeping requirements in order to file a second § 2255 motion does not render § 2255 inadequate or ineffective to test the legality of Petitioner's detention.  This § 2241 petition should be dismissed as Petitioner has not shown § 2255 is "inadequate and ineffective" to test the legality of his detention.

## Recommendation

Accordingly, it is recommended that this § 2241 petition be dismissed without prejudice and without requiring the respondents to file a return.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(holding federal district courts have duty to screen habeas petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).  **The petitioner's attention is directed to the important notice on the next page.**

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

June 27, 2006

Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**