UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Lee Talley, #97426-071, | |
| Petitioner, | |
| v. | C/A No. 6:06-1493-GRA-WMC |
| Ruth Yancey, Warden, | ORDER<br>(Written Opinion) |
| Respondent. | |

This matter is before this Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed June 27, 2006. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. The magistrate recommends dismissing the petition because Petitioner's claims should be brought under 28 U.S.C. § 2255, not § 2241.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final

1

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections to the magistrate's Report and Recommendation on July 14, 2006.

In the "Argument" section of his objections, Petitioner apparently argues that the magistrate made incorrect findings of fact and incorrect conclusions of law regarding

Petitioner's claim for relief.  However, Petitioner does not object to the recommendation of the magistrate that this case be dismissed because a § 2241 petition is not the proper means to raise Petitioner's claim.  As such, Petitioner's stated objections in the "Argument" section are irrelevant and without merit.  Petitioner does argue in the opening paragraphs of his objections that this Court should construe his petition "under the proper title to allow his pro se petition [sic] the development of a potentially meritorious case."

In an abundance of caution, the Court shall treat this argument as an objection.  However, this objection has no merit.  Even if the Court construes this petition under § 2255, Petitioner's claims are not properly before this court as a § 2255 habeas petition.   Petitioner has already filed at least one prior § 2255 petition, and cannot therefore file a successive  § 2255 without leave from the Fourth Circuit Court of Appeals.  Relying on 28 U.S.C. § 2244(b)(3), the Fourth Circuit in *United States v. Blackstock*, 340 F.3d 200, 205 (2003), stated "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals."  No such authorization has been obtained, and thus this objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED without prejudice

3

and without issuance of service of process.

    IT IS SO ORDERED.

                                                G. ROSS ANDERSON, JR.
                                                UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July   20  , 2006.

## NOTICE OF RIGHT TO APPEAL

    Petitioner has the right to appeal this Order within sixty (60) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.